HENRY A. BLAKE *vs.* JOHN MAHAN & another.

In an action on a recognizance under *St.* 1857, *c.* 141, entered into by one who had been arrested on execution, the production of the recognizance, with proof of the official character of the officer by whom it was taken, does not make out a *prima facie* case for the plaintiff.

CONTRACT on a recognizance taken under *St.* 1857, *c.* 141, concerning imprisonment for debt, with condition that the defendant Mahan, who had been arrested on an execution in favor of the plaintiff, should within ninety days from the time of his arrest deliver himself up for examination, giving notice as therein provided, and making no default, and abide the final order of the magistrate thereon. At the trial in the superior court, the plaintiff produced the recognizance, and proved that the signature to it was in the handwriting of an acting master

in chancery; and introduced no other evidence. *Lord,* J. ruled that the plaintiff had not made out a *prima facie* case, and a verdict was returned for the defendants. The plaintiff alleged exceptions.

*J. M. Way,* for the plaintiff.

*J. H. Bradley,* for the defendants.

Dewey, J. The ruling of the judge before whom the case was tried in the superior court, that the plaintiff had not shown a *prima facie* case, was well authorized by the case of *Thornton v. Adams,* 11 Gray, . In this case, as in that, the plaintiff had assigned various breaches on the part of the defendant of the condition of his obligation, as creating a liability to the action, and the burden was on him to show such breach. He offered no evidence upon that point, and therefore did not sustain that burden. In a case like the present, very slight evidence may be sufficient, from the difficulty of proving a negative allegation. But something must be shown in order to require the defendant to go forward, unless he voluntarily assumes that burden. Under our present law as to the competency of witnesses, the plaintiff might by his own testimony readily furnish a sufficient *prima facie* case of a breach of the recognizance, where there had been no proceedings, or notice served upon him of a time and place for examination and taking the oath.

The plaintiff's declaration sets forth a judgment recovered against Mahan, an execution issued thereon, the arrest of the debtor, and various other proceedings essential to give jurisdiction to the magistrate taking the recognizance, and then proceeds to assign the breach of the recognizance; upon all of which an issue is taken by the answer of the defendants. The defendants contend that these allegations of a judgment, execution, &c., are matters to be proved on the trial. Without expressing any opinion upon this latter point, we think the plaintiff did not make a *prima facie* case, and that the ruling to that effect was correct. *Exceptions overruled.*